J. JEROME PHIFER, trustee,[1] *vs.* BOARD OF ASSESSORS OF COHASSET.

No. 88-P-1384.

Suffolk. March 12, 1990. - April 25, 1990.

Present: WARNER, C.J., CUTTER, & ARMSTRONG, JJ.

*Taxation*, Appellate tax board: jurisdiction, informal procedure.

The Appellate Tax Board acted arbitrarily and capriciously in ruling that it had no jurisdiction under the so-called "informal procedure" set forth in G. L. c. 58A, § 7A, to hear a taxpayer's appeal involving more than one assessed parcel of land. [555-556]

APPEAL from a decision of the Appellate Tax Board.

*J. Jerome Phifer*, pro se.

*Richard A. Henderson*, Town Counsel, for the Board of Assessors of Cohasset.

CUTTER, J. The trustee of Colonial Way Realty Trust (the taxpayer) appeals from a decision for the assessors of Cohasset (the assessors) of the Appellate Tax Board (A.T.B.) dismissing "for want of jurisdiction" the taxpayer's appeal to the A.T.B. under the so-called "informal procedure" set forth in G. L. c. 58A, § 7A, in respects inserted by St. 1935, c. 447, and as most recently amended by St. 1980, c. 572, §§ 13, 14. See Nichols, Taxation in Massachusetts 211-212 (3d ed. 1938 & Supp. 1939, at 7). Compare the ambiguous statement in Bailey and Van Dorn, Taxation § 531, at 471-472 (1986). The asserted "want of jurisdiction" appears to be because the taxpayer combined in one statement under the informal procedure two or more separately assessed parcels of land all adjacent to each other as shown on a plan in the record. We reverse because the

---

[1] Phifer is trustee of the Colonial Way Realty Trust.

A.T.B. clearly did have jurisdiction under the pertinent statutes and discretion to allow such a combination of appeals in one statement under the A.T.B.'s informal procedure.

The general subject of combining parcels of land in appeals to the A.T.B. has been discussed principally in *Mann* v. *Assessors of Wareham*, 387 Mass. 35, 37-39 (1982). There it was held that G. L. c. 58A, § 7, and c. 59, §§ 63, 64, and 65, did not preclude a taxpayer from combining (in a single petition to the A.T.B. under the so-called "formal procedure") appeals from abatement denials of a town board of assessors dealing with two or more separately assessed but adjacent parcels of land. The *Mann* opinion (at 35) dealt with the situation under § 7 and § 7A as follows (emphasis supplied):

"Since the petitions [in the *Mann* case] were filed under the *formal procedure*, G. L. c. 58A, § 7, applies. The only reference to multiple parcels in that section is found in the sentence which provides: '[W]here two or more parcels of real estate are included in one decision of a board of assessors, the appellate tax board *in its discretion may* require that each parcel be the subject of a separate petition.' The statutory language regarding the *informal procedure* is slightly different. It provides that: 'No statement under the informal procedure shall relate to an assessment on more than one parcel of real estate, except where the board shall specifically permit otherwise.' G. L. c. 58A, § 7A, as amended through St. 1980, c. 572, §§ 13, 14. The statutes specifically deal with two situations involving multiple parcels. *In both cases*, the board is given the *discretion to consider petitions involving more than one parcel*. Under the informal procedure, the *thrust* is in favor of separate petitions for each parcel of real estate *unless the board specifically provides otherwise*. Under the formal procedure, where the assessors combine two or

more parcels in one decision, there is to be one petition on appeal unless the board acts to require a severance."[2]

The assessors now contend that the taxpayer is barred by a provision in Rule 7 of the A.T.B. "No statement [under the informal procedure] shall relate to an assessment on more than one parcel of real estate unless the . . . [A.T.B.] specifically permits it." The rule contains no provision about how or when a taxpayer may obtain such permission. Also, no admonition or warning about this provision is contained in or on Form 3, entitled "Statement Under Informal Procedure," the form suggested for use under the rule. In the absence from rule 7 of a statement of a reasonable and readily understood method specifying the time and method of obtaining the A.T.B.'s permission to include more than one parcel in a statement on appeal, we think there is no adequate negation of the A.T.B.'s statutory discretion to allow such an inclusion (even in a statement under the informal procedure) of more than one parcel.[3]

---

[2]The opinion went on (at 39) to point out that the position of the assessors was contrary not only to general rules for construing statutes but also to the principle that "ambiguities in taxing statutes are to be resolved in favor of the taxpayer," citing *Xtra, Inc.* v. *Commissioner of Rev.,* 380 Mass. 277, 281 (1980). The court concluded "that the Legislature did not intend to deprive the . . . [A.T.B.] of jurisdiction to consider petitions involving multiple parcels of land."

The *Mann* opinion also made note (at 39) that the A.T.B.'s "decision cannot be sustained . . . on the . . . assertion that a long practice exists interpreting these sections [§§ 7 and 7A] to require separate appeals." The opinion mentioned nothing in the *Mann* record to show the existence of *any* practice. "In fact, the procedural history of this [the *Mann*] case suggests that if any such practice existed, it was not apparent to the . . . [A.T.B.] for the more than two years that the pleas in bar were pending." In the present case the A.T.B. proceeding was pending from March 16 to November 29, 1988, without any action by the A.T.B. to request amendment or change by the taxpayer of its appeal statement. The *Mann* opinion went on (emphasis supplied): "Furthermore, since the . . . [A.T.B.] has not promulgated a general rule *requiring* separate petitions in cases such as this and never *requested* the taxpayer to file separate petitions prior to the commencement of hearings in his case, the taxpayer's failure to file separate petitions provides no basis for dismissing his appeals."

[3]The legislative history of St. 1935, c. 447, has been examined. It contains no helpful explanation of the pertinent language of § 7A.

We are aware that in Form 5, entitled "Suggestions to Appellants Electing the Informal Procedure in Appeals from Decisions of Assessors," a memorandum which we assume is distributed to taxpayers, the following provisions appear: "There are also three conditions which *must* be strictly complied with in order that your appeal may be effective . . . . (b) The Statement Under the Informal Procedure *MUST NOT* include more than one (1) assessed parcel of real estate unless this Board specifically permits otherwise" (emphasis in original). This admonition contains the same ambiguity which is found in the similar sentence of § 7A of c. 58A. The admonition also does not tell an uninformed pro se taxpayer (prior to filing his appeal statement) how to procure the A.T.B.'s permission to make a sensible and probably economical combination of parcels reasonably viewed together. Indeed, it is hard to see what justification in fact the present A.T.B.'s predecessors had for adopting a rule denying themselves the discretion which the Legislature had granted to it.

The A.T.B. ruled flatly that it had no jurisdiction of the taxpayer's appeal. This constitutes a reversible error of law. See authorities collected in *Commonwealth* v. *Ramos*, 402 Mass. 209, 216 (1988); *Tazziz* v. *Tazziz*, 26 Mass. App. Ct. 809, 814 n.5 (1988). Here, in acting under a statute designed to simplify (and to reduce the cost of) a review of real estate tax assessments, the error is prejudicial as arbitrary, capricious, and a trap for the unwary and inexperienced in light of the plain language of the statute. Particularly is this the case where a lay taxpayer is proceeding pro se, perhaps (if not probably) incautiously.

The decision of the A.T.B. is reversed. The case is remanded to that board for further proceedings consistent with this opinion. Such proceedings at least shall include an opportunity for this taxpayer to prosecute his statement under the informal procedure if he complies by amendment of his pleadings and by his subsequent conduct of the case before the A.T.B. with whatever explicit requirements the A.T.B. in

the particular case may reasonably direct for administrative reasons.[4]

*Decision of the Appellate Tax Board reversed.*

---

[4]The attention of the A.T.B. is invited to the fact that (despite the enactment of St. 1985, c. 314, §§ 1, 4, 5, and 10) G. L. c. 58A, §§ 7 and 7A, still provides for an appeal to the Supreme Judicial Court from a decision of the A.T.B. The A.T.B. may wish to bring to the attention of the Legislature that these statutes may deserve some correction and clarification.